UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBYN HENRY,                                      Case No. 14-12004

             Plaintiff,                      Paul D. Borman
                                                  United States District Judge

v.

STATE FARM FIRE AND CASUALTY
COMPANY,

             Defendants.

_____/

OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION (ECF NO. 17)

On June 18, 2015, Plaintiff filed a Motion for Reconsideration, requesting this Court to reconsider its June 5, 2015 decision granting Defendant's motion for summary judgment and dismissing Plaintiff's Complaint without prejudice. (ECF No. 17, Mot. for Reconsideration; ECF No. 15, 6/5/15 Opinion and Order.) On July 2, 2015, Defendant State Farm Fire and Casualty Company ("State Farm") filed a response, as requested by the Court. For the reasons that follow, the Court DENIES the motion for reconsideration.

I.      INTRODUCTION

In its June 5, 2015 Opinion and Order, the Court determined that there was no genuine issue of material fact that Plaintiff failed to substantially comply with the Duties of Loss provision of her State Farm policy by refusing at her Examination Under Oath ("EUO") to sign an IRS Form 4506-T that would have enabled State Farm to obtain Plaintiff's tax records, which were material to its investigation of Plaintiff's claim, and thereafter failing to produce on her own those tax records and other financial documents that were requested by State Farm prior to Plaintiff's filing suit against

1

State Farm.  The Court found that Plaintiff's failure to substantially comply with the Duties of Loss provision of the policy prior to filing suit on her fire loss claim entitled State Farm to dismissal of the action because Plaintiff had failed to satisfy the Suits Against Us provision of the policy, which precludes an insured from filing suit against State Farm unless there has been compliance with the policy provisions.  The Court ordered, however, that the dismissal be without prejudice because it found insufficient evidence that Plaintiff's failure to comply was willful.

Plaintiff now argues, submitting two pieces of evidence not previously submitted in support of her response to State Farm's motion for summary judgment, that the Court committed a palpable error in finding no genuine issue of material fact on the issue of substantial compliance and submits that a different result would obtain with correction of that error.  For the reasons that follow, the Court disagrees and DENIES the motion for reconsideration.

## II.    STANDARD OF REVIEW

"A motion for reconsideration is governed by the local rules in the Eastern District of Michigan, which provide that the movant must show both that there is a palpable defect in the opinion and that correcting the defect will result in a different disposition of the case."  *Indah v. U.S. S.E.C.*, 661 F.3d 914, 924 (6th Cir. 2011).  Eastern District of Michigan Local Rule LR 7.1(h)(3) provides in pertinent part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3).  "A 'palpable defect' is a defect which is obvious, clear, unmistakable,

manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001). "A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted." *Ford Motor Co. v. Greatdomains.Com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). "A motion for reconsideration should not be used liberally to get a second bite at the apple, but should be used sparingly to correct actual defects in the court's opinion." *Oswald v. BAE Industries, Inc.*, No. 10-cv-12660, 2010 WL 5464271, at *1 (E.D. Mich. Dec. 30, 2010). *See also Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010) ("It is an exception to the norm for the Court to grant a motion for reconsideration. . . . [A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided."). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Public Schools*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003). *See also Allen v. Henry Ford Health Sys.*, No. 08-14106, 2010 WL 653253, at *1 (E.D. Mich. Feb. 19, 2010) (holding that motions for reconsideration do not permit a party to "to raise new legal theories that should have been raised earlier" or "attempt to supplement the record with previously available evidence").

The Sixth Circuit has affirmed these standards, which govern the Court's consideration of Plaintiff's motion for reconsideration:

> It is well-settled that "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publ'g*, 477 F.3d 383, 395 (6th Cir. 2007). Additionally, reconsideration motions cannot be used as an opportunity to re-argue a case. Furthermore, a party may not introduce evidence for the first time in a motion for reconsideration where that evidence could have been presented earlier.

*Bank of Ann Arbor v. Everest Nat. Ins. Co*., 563 F. App'x 473, 476 (6th Cir. 2014).

## III.    ANALYSIS

Plaintiff's motion for reconsideration asserts that the Court palpably erred in finding no genuine issue of material fact on the issue of substantial compliance because: (1) Plaintiff signed a general "Authorization" to release records to State Farm on March 15, 2013, a document she presents to the Court for the first time in support of her motion for reconsideration, and this somehow met her obligation to State Farm under the policy to provide her tax records and other financial information; and (2) Plaintiff was distraught and sought psychiatric treatment following the fire at her home and was unable to participate in legal proceedings or assist State Farm by providing testimony or documents, as allegedly demonstrated by a June 26, 2012 letter from a social worker that Plaintiff presents to the Court for the first time in support of her motion for reconsideration.

The Court addresses Plaintiff's second ground for reconsideration first. The argument regarding Plaintiff's psychological limitations, and the June 26, 2012 letter from Hillside Center regarding Plaintiff's psychological issues offered in support of that argument, are presented to the Court for the first time in support of Plaintiff's motion for reconsideration. This issue, and this June 26, 2012 letter which clearly was available to Plaintiff at the time she responded to State Farm's motion, were not even referred to in Plaintiff's summary judgment response or at oral argument and are just now submitted for the Court to consider. A motion for reconsideration is directed to errors in the Court's ruling and is not a platform for Plaintiff to present new arguments and evidence that could have been, but were not, presented earlier. The Court declines to consider at this late stage any argument or evidence related to Plaintiff's alleged inability to comply with the Duties of Loss

4

provision of the policy due to her claimed psychological deficits.[1]

With regard to Plaintiff's reliance on an "Authorization" that she signed on March 15, 2013, which purports to grant State Farm general access to a host of categories of records, the Court finds no palpable error by which the Court and the parties have been misled, the correction of which would change the Court's disposition of this matter. Plaintiff never argued the significance of this "Authorization" in her summary judgment Response and never provided the Court, or supplemented the record, with a copy of the "Authorization" prior to filing this motion for reconsideration. Indeed, in her Response to Defendant's motion for summary judgment, Plaintiff made specific reference to several items that were contained in her State Farm claim file in an effort to demonstrate her substantial compliance, including "items 123-125" and "items 127-128." Significantly, Plaintiff made no reference in her Response brief to "item 126," the "Authorization" on which she now relies to demonstrate a palpable error. Item 126 is a single line item in Plaintiff's claim file which states: "126. Authorization, 3/15/13, 1 pg, (Bates 000183)." (ECF No. 11, Pl.'s Resp. Ex. B, p. 8.) Even had Plaintiff directed the Court's attention to this line item in her claim file in her summary judgment Response, the Court would have been unable to glean anything about the nature of item 126 from this cryptic entry. Plaintiff cannot premise her motion for reconsideration on this Authorization, which was clearly in existence at the time that Plaintiff responded to State Farm's motion for summary judgment but was never provided to the Court prior to the filing of this motion for reconsideration. A motion for reconsideration is directed to errors in the Court's ruling and is

---

[1] The Court does note that whatever psychological limitations Plaintiff was suffering from on June 26, 2012, she appears to have sufficiently recovered from, at least as of April 12, 2013, when she fully participated in her Examination Under Oath and competently responded to questions and requests for documents.

not a platform for Plaintiff to present new evidence that could have been, but was not, presented earlier.

The fact that Plaintiff's counsel mentioned the Authorization at oral argument does not alter the Court's conclusion.  At the hearing on the motion for summary judgment, for the first time, Plaintiff's counsel made specific reference to this general "Authorization," but still never produced it or supplemented the record to provide it to the Court.  Nonetheless, counsel suggested that somehow this undisclosed document authorized State Farm to obtain Plaintiff's tax returns and therefore satisfied Plaintiff's obligations under the Duties of Loss provision of the policy despite her blatant refusal to authorize State Farm to obtain those records at her EUO, just three weeks after signing that general "Authorization."  Plaintiff urges the Court conclude that it palpably erred in failing to find that this undisclosed Authorization excused or trumped Plaintiff's outright refusal at her EUO to sign IRS Form 4506-T, which State Farm explained to Plaintiff at her EUO was necessary to authorize State Farm to obtain her tax records and which Plaintiff's own attorney encouraged her to sign at the EUO.  Additionally, Plaintiff suggests that the Court palpably erred in failing to find that this Authorization also excused Plaintiff's subsequent and repeated failures to provide her tax records and other requested financial information to State Farm herself, which she had agreed at her EUO that she would do after she refused to sign the IRS Form 4506-T.

The Court rejects these arguments.  Plaintiff's counsel's mention of the undisclosed Authorization *for the first time* at oral argument was totally insufficient to sustain Plaintiff's burden under Fed. R. Civ. P. 56 to support with record evidence the factual assertion that the March 15, 2013 Authorization enabled State Farm to obtain Plaintiff's tax records and therefore satisfied Plaintiff's compliance obligations under the policy. Fed. R. Civ. P. 56 requires the  non-moving

6

party to introduce "evidence of evidentiary quality" demonstrating the existence of a material fact. *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997). The failure to produce, refer to or in any way rely on the Authorization in the summary judgment briefing deprived State Farm of any meaningful opportunity to reply to an argument based on the Authorization and deprived the Court of the opportunity to definitively evaluate any argument based on the Authorization, beyond considering the remarks made by counsel at the hearing. Submission of the March 15, 2013 Authorization, like submission of the June 6, 2012 letter from Plaintiff's psychologist, is an improper attempt to introduce evidence for the first time in a motion for reconsideration when that evidence could have been presented earlier. For this reason alone, the Court declines to consider it.

Even were the Court to consider the untimely submission of the Authorization, it fails to demonstrate a palpable error by which the Court and the parties have been misled. As an initial matter, the Court finds it particularly disingenuous that Plaintiff would seriously suggest now that State Farm was entitled all along to obtain her tax records and other financial information based on this "Authorization" when the record clearly demonstrates Plaintiff's belief that State Farm was *not authorized* to obtain her tax records without her further consent and steadfastly refused to authorize State Farm to obtain those records on her behalf. Plaintiff's counsel acknowledged at the summary judgment hearing his understanding that a more specific form would be required to authorize State Farm to obtain Plaintiff's tax records and admitted that he did not know whether the general "Authorization" that Plaintiff signed on March 15, 2013 (a copy of which had not been provided for the Court's review) would have authorized State Farm to obtain tax returns. Plaintiff's counsel never attempted to supplement the summary judgment record, either with the March 15, 2013

7

Authorization itself, or with evidence to rebut State Farm's assertion, both at Plaintiff's EUO and at the summary judgment hearing, that the IRS Form 4506-T was necessary in order for State Farm to obtain the records.   In fact, Plaintiff clearly took the position, both in her EUO when she refused to sign the IRS Form 4506-T, and in her summary judgment Response when she stated that she refused to sign the IRS Form 4506-T because she did "not trust State Farm," that she had no intention of allowing State Farm to obtain her tax returns.

Apart from being disingenuous, Plaintiff's argument regarding the March 15, 2013 Authorization, even were the Court to consider it, fails to demonstrate a palpable error in the Court's ruling that Plaintiff failed to substantially comply with the Duties of Loss provision of her State Farm policy.  Plaintiff's motion for reconsideration fails to establish any genuine issue of material fact that the March 15, 2013 Authorization was sufficient to authorize State Farm to obtain Plaintiff's tax returns.  Plaintiff's counsel conceded as much at the hearing on the motion for summary judgment and Plaintiff's conduct at her EUO, just a few weeks following her execution of the March 15, 2013 Authorization, demonstrates that she never understood that the March 15, 2013 Authorization permitted State Farm to obtain her tax returns.  At no time during her EUO, or at anytime thereafter when she continued to refuse to produce the requested financial documentation, did Plaintiff suggest that State Farm was already entitled to obtain them by virtue of the March 15, 2013 Authorization.  Indeed her testimony at her EUO and her conduct thereafter demonstrate unequivocally that she never believed that State Farm was so entitled.  State Farm presented Plaintiff with the IRS Form necessary for State Farm to obtain her tax records – she refused to sign it and refused thereafter to produce her tax records and other financial information demanded by State Farm.  The March 15, 2013 "Authorization," even were the Court to consider it, does not

demonstrate a genuine issue of material fact regarding Plaintiff's failure to substantially comply with the Duties of Loss provision of her State Farm policy.

The Court rejects Plaintiff's untimely and disingenuous attempt to now suggest that State Farm had the authority all along to obtain these records by virtue of the March 15, 2013 Authorization and that therefore Plaintiff substantially complied with State Farm's multiple requests that Plaintiff provide her tax records, despite her outright refusal at her April 12, 2013 EUO to allow State Farm to obtain them on her behalf and her subsequent failures to produce them herself as she had agreed. The Court finds no palpable error in its June 5, 2015 ruling.

## IV.    CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for reconsideration.

IT IS SO ORDERED.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  July 20, 2015

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 20, 2015.


s/Deborah Tofil
Case Manager

9